IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ALLEN, #55291-060, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00151-SMY |
| ) | |
| STATE OF ILLINOIS, and ) | |
| BRENDAN KELLY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Allen filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims that he has been improperly required to register under the Illinois Sex Offender Registration Act. He seeks removal from the sex offender registry and monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff pled guilty to a sex offense in December 2003 in Ohio. He was sentenced to three years incarceration and ordered to register as a "sexually oriented offender" for ten years under the Ohio sex offender registration law in effect at the time. After four years, he moved to Illinois.

---

[1] Allen was a federal pretrial detainee at the time he filed the Complaint (Doc. 1) and is currently incarcerated at Yazoo City FCI (Doc. 18).

Plaintiff served a sentence for a 2017 firearm conviction and was released on May 30, 2019 without issue. Due to a traffic incident on March 6, 2020, "attention was drawn to his name" and it was determined that he was a non-compliant sex offender registrant. An arrest warrant for failure to register was issued in July 2020 and he was arrested on July 16, 2020.[2] Plaintiff was subsequently arrested for failure to register on October 30, 2020 and again on December 26, 2020. He was detained in the St. Clair County Jail for nine months on failure to register charges that were later dismissed as part of a plea agreement on another charge.

Plaintiff has not been convicted of any sex offense in the State of Illinois. The Illinois State Police have "unjustifiably classified [him] as a sexual predator" and "bullied [him] into a lifetime of registration without just right." Being required to register as a sex offender in Illinois when the Ohio court ordered him to register for ten years violates the due process, double jeopardy, *ex post facto*, and equal protection clauses of the United States Constitution and violates the Illinois Constitution.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[3]

> Count 1: *Ex post facto* claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act.
>
> Count 2: Fifth and/or Fourteenth Amendment due process claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act.
>
> Count 3: Fourteenth Amendment equal protection claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender

---

[2] A firearm was confiscated from his person during the July 16, 2020. A search of this Court's records shows Plaintiff was charged with being a felon in possession of a firearm, for which he is currently serving a sentence in the Federal Bureau of Prisons. *USA v. Allen*, SDIL case no. 3:20-cr-30157-DWD-1, Docs. 1, 49.

[3] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

|  |  |
|---|---|
| | Registration Act. |
| Count 4: | Eighth Amendment cruel and unusual punishment claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act. |
| Count 5: | Double jeopardy claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act. |
| Count 6: | Article 1, Section 2 of the Illinois Constitution due process and equal protection claims against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act. |
| Count 7: | Article 1, Section 10 of the Illinois Constitution double jeopardy claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act. |
| Count 8: | Article 1, Section 11 of the Illinois Constitution claim against Defendants for requiring Plaintiff to register under the Illinois Sex Offender Registration Act. |

**Discussion**

The State of Illinois is not subject to suit under § 1983 for monetary damages. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Nor can it be held liable under § 1983 on a theory of *respondent superior* for the actions of its employees. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). To the extent Plaintiff seeks injunctive relief, Brendan Kelly as the Director of the Illinois State Police in his official capacity, not the State of Illinois, would be the proper defendant as the Illinois State Police Offender Registration Unit administers the mandates of the Illinois Sex Offender Registration Act (SORA). Accordingly, the State of Illinois will be dismissed.

Further, Plaintiff does not allege personal involvement in an alleged constitutional violation by Director Kelly. To state a §1983 claim, Plaintiff must allege that the defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible

for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  To state a claim against a supervisor, a  plaintiff must allege the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it.  *Id*.  "Liability cannot be established based on an assumption that high ranking officials should have known of a condition.  *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009).  Therefore, Plaintiff's claims against Brendan Kelly in his individual capacity will be dismissed.

This leaves only the injunctive relief claim for which Director Kelly, in his official capacity, is the proper defendant.  Plaintiff claims that he has been unlawfully subjected to the SORA registration requirement based on his 2003 Ohio conviction and seeks removal from the SORA registry.  In Illinois, convicted sex offenders and sexual predators are subject to the registration requirement of the Sex Offender Registration Act (SORA).  730 ILCS 150/3.  Under SORA, "sex offender" and "sexual predator" both include individuals convicted of sex offenses under the laws of other states.  730 ILCS 150/2.  Under 730 ILCS 105/7, there is a lifetime registration requirement for persons adjudicated to be sexually dangerous, sexually violent persons, and sexual predators as defined by SORA.  Additionally, for individuals subject to a ten-year registration , the period of registration can be extended if the individual who fails to comply with the provisions of SORA.  It appears from the Complaint that there has been a determination that Plaintiff is subject to that requirement.  However, Plaintiff has not alleged sufficient facts to show this determination was an error.[4]  Nor has Plaintiff alleged that sex offense does not fall within SORA.

Further, based on the sparse factual allegations in the Complaint, Plaintiff fails to state a

---

[4] An attachment to the Complaint provides only the information that he pled guilty to "gross sexual imposition" under Ohio law in 2003.

constitutional claim to support his request for injunctive relief. The Illinois Supreme Court has held that SORA does not violate the constitutional prohibition against *ex post facto* laws. *People v. Malchow*, 193 Ill. 2d 413, 437-424, 739 N.E.2d 433, 674-677 (2000). And the U.S. Supreme Court and Seventh Circuit have found that similar sex offender registration acts do not violate *ex post facto* laws. *Smith v. Doe*, 538 U.S. 84 (2003); *Steward v. Folz*, 190 F. App'x. 476, 479 (7th Cir. 2006) (unpublished).

Plaintiff was not entitled to a separate hearing to determine that he was required to register as a sex offender in Illinois; his prior conviction triggered SORA's requirements. "[W]hen conviction for a listed sex crime triggers registration in a sex offender registry, the procedural protections afforded the defendant prior to conviction are sufficient to establish the defendant's duty to register." *Steward*, 190 F. App'x. at 479 (*citing Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003)). Nor was he entitled to a hearing regarding the extension of the registration requirement. *See Kitterman v. City of Belleville*, no. 3:19-cv-0051-GCS, 2020 WL 759527, *6 (S.D. Ill. Feb. 14, 2020). Plaintiff had a due process right to contest the charge in Ohio, and continues to have a due process right to contest any future charges for failing to register as a sex offender.

Plaintiff also fails to allege facts suggesting that he was treated less favorably than other similarly situated persons or groups – an essential element of the equal protection analysis. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Instead, he merely asserts, in a conclusory fashion, that requiring him to register violates equal protection.

SORA is civil and nonpunitive and, as such, does not violate the Eighth Amendment prohibition against cruel and unusual punishment. *Kitterman*, 2020 WL 759527, *7; *Malchow*, 739 N.E.2d at 677-679. And when a sex offender registry is enacted as a civil, non-punitive

notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in violation of the double jeopardy clause. *Steward v. Folz*, 190 F. App'x 476, 479 (7th Cir. 2006) (unpublished).

For the foregoing reasons, the Complaint fails to state a claim for relief and will be dismissed.[5]

## Disposition

The State of Illinois and Brendan Kelly are **DISMISSED without prejudice** for failure to state a claim for relief. The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 22, 2022.** The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-151). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their

---

[5] Because Plaintiff fails to state a federal constitutional claim, the Court declines to exercise supplemental jurisdiction over the alleged state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).

Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will not accept piecemeal amendments.  Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit.  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 21, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
